Benjamin **TYREE**, Plaintiff, Appellant,

v.

John J. **FITZPATRICK**, Commissioner of Correction of the Commonwealth of Massachusetts, et al., Defendants, Appellees.

**No. 71–1105.**

United States Court of Appeals, First Circuit.

Heard June 8, 1971.

Decided June 29, 1971.

628

Richard S. Chute, Boston, Mass., for plaintiff-appellant.

Charles E. Chase, Asst. Atty. Gen., with whom Robert H. Quinn, Atty. Gen., and John J. Irwin, Jr., Asst. Atty. Gen., Chief, Crim. Div., were on brief, for defendant-appellee.

Max D. Stern, Cambridge, Mass., John Leubsdorf, Boston, Mass., Stanley A. Bass, and Jack Greenberg, New York City, on brief, for The NAACP Legal Defense and Education Fund, Inc., The Massachusetts Law Reform Institute, and The Boston Lawyers Committee for Civil Rights Under Law, amici curiae.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

Appellant is a prisoner confined in the Massachusetts Correctional Institution. He has brought an action against appellees, officials of the Department of Correction, under 42 U.S.C. § 1983 and 28 U.S.C. § 2201, seeking money damages, injunctive, and declaratory relief from the allegedly unconstitutional conduct of appellees. Appellant's complaint challenges the constitutionality of procedures by which prisoners, who violate the rules of the prison, are punished, and the constitutionality of the censorship of mail to and from prisoners.

In addition to his complaint, appellant filed a motion for a preliminary injunction. He sought to have the district court enjoin prison officials from depriving him of privileges enjoyed by the general prison population, to have them return him to the general prison population, and to prevent them from opening mail between appellant and his attorney of record. The court denied the motion except that it ordered appellees not to alter or withhold mail from appellant to courts, attorneys, or public officials. This appeal is taken from the denial of that motion.

When appellant initiated his motion for interlocutory injunctive relief, he was segregated from the prison population as punishment for violation of prison discipline. He has since been released to the general prison population and is no longer being so punished. Therefore, part of the relief sought by appellant has become moot. Appellant would have us issue an order preventing appellees from reconfining appellant to segregation while this suit is pending. Appellant has made no showing that reconfinement is likely and has therefore failed to demonstrate that he will suffer irreparable injury of this nature unless granted interlocutory relief. See Keefe v. Geanakos, 418 F.2d 359, 363 (1st Cir. 1969).

At our request, made at oral argument, appellees have furnished us with the procedures followed by prison officials concerning prison mail. Prisoners are permitted to send sealed letters to courts, public officials, and attorneys of record. All incoming mail is opened and read, but we are assured that mail from courts, public officials, and attorneys of record is promptly delivered to prisoners. Again, part of the relief sought is moot since appellant is permitted to write unopened letters to his attorney of record.

As appellant admits, the problem of censorship of prison mail is a diffi-

cult one. It may be that prisoners are entitled to receive unopened mail from courts, public officials, and attorneys of record, but appellant must show he would suffer an irreparable injury if prison officials continued to read such incoming mail during the pendency of this law suit. He makes no such showing other than to assert he has a right of access to the courts. We agree that he has such a right, but we cannot grant the relief appellant seeks until he demonstrates how that right is being irreparably injured. He has not done this.

We express no view as to the merits of appellant's original complaint, which we consider to pose difficult legal issues. *Cf.* Drown v. Portsmouth School District, 435 F.2d 1182 (1st Cir. 1970). For those issues to be satisfactorily resolved, an adequate presentation of facts bearing on the minimum requirements of due process would seem to be essential. *Cf.* Nolan v. Scafati, 430 F.2d 548 (1st Cir. 1970). We regret that the process has been delayed by this interlocutory appeal.

Affirmed.